**UNITED STATES DISTRICT COURT**
**SOUTHERN DISTRICT OF OHIO**
**EASTERN DIVISION**

**Amanda G.,**

**Plaintiff,**

**v.**

**Commissioner of Social Security,**

**Defendant.**

**Case No. 2:25-cv-674**

**Judge Michael H. Watson**

**Magistrate Judge Gentry**

**OPINION AND ORDER**

Amanda G. ("Plaintiff") applied for disability insurance benefits and supplemental security income but was denied both initially and on reconsideration. ECF No. 7-6 at PAGEID ## 490–518; ECF No. 7-4 at PAGEID ## 328–65. Plaintiff obtained a hearing before an Administrative Law Judge ("ALJ"), who ultimately determined that Plaintiff was not disabled. ECF No. 7-3 at PAGEID ## 234–45. The Appeals Council denied Plaintiff's request to review that decision, rendering it the final decision of the Commissioner of Social Security ("Commissioner"). ECF No. 7-2 at PAGEID ## 26–32.

Plaintiff thereafter sued the Commissioner in an earlier action in this Court, and the case was eventually remanded per stipulation of the parties. Compl., ECF No. 6 (Case No. 2:23-cv-2847); Order, ECF No. 13 (Case No. 2:23-cv-2847).

On remand, the ALJ held another hearing and determined again that Plaintiff was not disabled. ECF No. 7-9 at PAGEID ## 1120–37. It appears from

the administrative record that the ALJ's decision became the Commissioner's final decision pursuant to 20 C.F.R. § 416.1484(d), as it does not appear that Plaintiff sought review from the Appeals Council.

Plaintiff again filed suit. Compl., 6. This time, the Magistrate Judge has issued a Report and Recommendation ("R&R"), recommending that the Court overrule Plaintiff's Statement of Specific Errors and affirm the Commissioner's decision. R&R, ECF No. 14. Plaintiff objects. Obj., ECF No. 15.

Pursuant to Federal Rule of Civil Procedure 72(b), the Court determines *de novo* those parts of the Magistrate Judge's recommended disposition to which Plaintiff properly objected. Fed. R. Civ. P. 72(b)(3). The Court "may accept, reject, or modify the recommended disposition; receive further evidence; or return the matter to the magistrate judge with instructions." *Id.*

On objection, Plaintiff argues only that the ALJ violated 20 C.F.R. § 404.1520c[1] when evaluating an opinion from cardiology Nurse Practitioner ("NP") Brandy Perkins. Obj., ECF No. 15. Specifically, Plaintiff argues that NP Perkins opined that Plaintiff's cardiology problems would cause her to miss work once or twice per month[2] and that the ALJ concluded that that opinion was

---

[1] The Court construes the objection as also a reference to 20 C.F.R. § 416.920c. In any event, the analysis for DIB and SSI is the same. *Compare* 20 C.F.R. § 404.1520c, *with* 20 C.F.R. § 416.920c.

[2] Plaintiff also mentions NP Perkins' opinion that Plaintiff would need to take unscheduled breaks throughout the day and the ALJ's rejection of that opinion as vague. Obj. 2, ECF No. 15. Plaintiff does not, however, develop any argument as to why the ALJ's rejection of that opinion was erroneous.

unsupported and inconsistent without adequately explaining *why* it was unsupported and inconsistent. *Id.*

The Court has performed a *de novo* review of this part of the Magistrate Judge's disposition and concludes that Plaintiff's objection lacks merit.

20 C.F.R. § 404.1520c states, in pertinent part, "[w]hen a medical source provides one or more medical opinions . . . we will consider those medical opinions . . . using the factors listed in paragraphs (c)(1) through (c)(5) of this section, as appropriate." Moreover, the ALJ must explain how she considered the two most important of those factors—supportability and consistency—in determining the persuasiveness of a medical opinion. 20 C.F.R. § 404.1520c(b)(2). An ALJ is not required to explain how she considered the other factors. *Id.*

With regard to supportability, "[t]he more relevant the objective medical evidence and supporting explanations presented by a medical source are to support his or her medical opinion(s) . . . , the more persuasive the medical opinions . . . will be." 20 C.F.R. § 404.1520c(c)(1).

Similarly, "[t]he more consistent a medical opinion(s) . . . is with the evidence from other medical sources and nonmedical sources in the claim, the more persuasive the medical opinion(s) . . . will be." 20 C.F.R. § 404.1520c(c)(2).

Here, the ALJ explained that NP Perkins' absenteeism opinion was "unsupported by the claimant's treatment notes, her reported activities of daily living, and her course of treatment[.]" Tr., ECF No. 7-9 at PAGEID # 1233. This

is an adequate explanation of the supportability of NP Perkins' opinion, and the explanation is supported by substantial evidence.

Importantly, the physical assessment form on which NP Perkins made that opinion states, "[i]f available, attach all relevant treatment notes, laboratory and test results." Tr., ECF No. 7-8 at PAGEID # 892. It does not appear that NP Perkins attached any such treatment notes (or even offered any written explanation for the opinion). *See* Tr., ECF No. 7-8 at PAGEID ## 892–93.

Moreover, it is true that the ALJ did not specifically cite to Plaintiff's treatment notes or course of treatment with NP Perkins, but the Court has reviewed the same and finds there is substantial evidence to support the ALJ's explanation that NP Perkins' absenteeism opinion is unsupported by NP Perkins' treatment notes and course of treatment.

As a preliminary matter, most of NP Perkins' treatment notes either predate the alleged onset date[3] and the absenteeism opinion date by several years or postdate the absenteeism opinion and do not support that opinion. *E.g.*, ECF No. 7-8 at PAGEID ## 638–48, 848–55, 1676–79, 2160–62, 2174–81. Moreover, NP Perkins' notes from August 2021, which post-date but are closest to the opinion, reflect a relatively normal echocardiogram and that Plaintiff had no cardiac complaints, could participate in "activity as tolerated," and required only routine follow-up. Tr., ECF No. 7-16 at PAGEID ## 2183–96. As those notes

[3] The ALJ noted that Plaintiff worked at the heavy exertional level prior to the onset date despite her ICD. Tr., ECF No. 7-9 at PAGEID ## 1227–28, 1233.

show that the purpose of Plaintiffs' August 2021 visit was a routine follow-up, Plaintiff had no cardiac complaints, and routine follow-up was the only recommended treatment plan, they thus likewise fail to support her opinion.

With respect to consistency, the ALJ explained that the absenteeism opinion is inconsistent with the other medical and nonmedical evidence. Specifically, the ALJ explained that Plaintiff underwent spine surgery but has been able to ambulate without assistance and has been able to "help care for her son, drive, and perform her routine, daily tasks, which is consistent with her being able to maintain a reduced range of sedentary work on a regular and continuing basis." Tr., ECF No. 7-9 at PAGEID # 1233.

The ALJ also explained elsewhere in her decision the "longitudinal file" regarding Plaintiff's cardiology issues, which file is inconsistent with NP Perkins' absenteeism opinion. The ALJ recounted that, after Plaintiff received an ICD, Plaintiff worked the night shift in 2018 without problem. Tr., ECF No. 7-9 at PAGEID # 1228. The ALJ considered later records and concluded that "[s]ubsequent records reflect that the claimant has continued to report some baseline shortness of breath, but she has generally denied chest pain, palpitations, syncope, and pre-syncope. Her cardiology records demonstrate stable findings overall on her course of treatment, status post her prior ICD placement." *Id.* (citing Exs. 1F4, 5F4, 29F). The ALJ elsewhere explained that medical records demonstrated that Plaintiff could perform normal activities of daily living and routinely denied chest pain, increased shortness of breath,

syncope, or near syncope, dizziness, and lightheadedness. *Id.* at PAGEID # 1230 (citing Ex. 23F, 29F).

Again, these are sufficient explanations, supported by substantial evidence, to explain why NP Perkins' opinion that Plaintiff would miss one to two workdays per month was inconsistent with other record evidence.

In conclusion, having reviewed the objected-to portion of the recommended disposition *de novo*, the Court **OVERRULES** Plaintiff's objections, **ADOPTS** the R&R, **OVERRULES** Plaintiff's Statement of Specific Errors, and **AFFIRMS** the Commissioner's non-disability finding. The Clerk shall enter judgment for the Commissioner and terminate this case.

**IT IS SO ORDERED.**

Michael H. Watson

**MICHAEL H. WATSON, JUDGE**
**UNITED STATES DISTRICT COURT**